UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jul 20, 2018

SEAN F. McAVOY, CLERK

| | |
|---|---|
| CARL ANDERSON, an individual; MARSHALL ANDERSON, an individual; ELMER C. ANDERSON, INC., a Washington Corporation; JEFF WIERSMA, an individual; and J2 CATTLE CO., a Washington Corporation,<br><br>    Plaintiffs,<br><br>    v.<br><br>UNITED STATES OF AMERICA; UNITED STATES DEPARTMENT OF DEFENSE; and UNITED STATES ARMY,<br><br>    Defendants. | No. 1:18-cv-03011-SAB<br><br>**ORDER GRANTING STIPULATED PROTECTIVE ORDER** |

    Before the Court is the parties' Motion for Entry of Stipulated Protective Order, ECF No. 18. The motion was heard without oral argument. The parties request the Court enter a Stipulated Protective Order ("Protective Order") pursuant to Fed. R. Civ. P. 26(c) and 5 U.S.C. § 552a(b)(11). The Court finds good cause to grant the motion and enter the Protective Order.

**ORDER GRANTING STIPULATED PROTECTIVE ORDER** ^ 1

This Protective Order shall govern the treatment and handling of all non-party personal identification information ("PII") and personnel records, which records and/or information are designated by the parties and/or by the Court as containing confidential information, including, but not limited to, records of non-party employees or agents of the United States.

Therefore, in the interest of expediting the flow of discovery material between the parties, and to help facilitate the prompt resolution of disputes over confidentiality, it is pursuant to the Court's authority under Fed. R. Civ. P. 26(c) and the Privacy Act, 5 U.S.C. § 552a(b)(11), and with the consent of the parties, the following Protective Order will apply to appropriate records produced by the parties in its discovery disclosures and responses:

Accordingly, **IT IS ORDERED:**

1. The parties' Motion for Entry of Stipulated Protective Order, ECF No. 18, is **GRANTED**.

2. Pursuant to 5 U.S.C. § 552a(b)(11), and subject to the conditions described below, Defendants are authorized to release to Plaintiffs' counsel government records and information containing what Defendants assert is Privacy Act protected personal information of non-party individuals – employees. Without determining the issue, Defendants may disclose the information contained within the government's documents to Plaintiffs' counsel without obtaining prior written consent of the individuals to whom those records pertain, and such disclosure shall not violate the Privacy Act.

3. Pursuant to Fed. R. Civ. P. 26(c)(1)(B), Defendants may disclose documents and information to Plaintiffs' counsel that may otherwise be protected from disclosure, without waiving those privileges outside of this litigation or to third parties.

4. The parties shall take reasonable steps to protect the privacy interests of the third-party individuals contained within the documents. Plaintiffs' counsel shall

not copy or disseminate any records and information marked "confidential and/or privileged" as provided by Defendants except as otherwise provided in this Order or as permitted by the Court.

5. These documents shall be used by the parties only for purposes of litigating this case, including any subsequent appeals. Persons receiving copies of protected documents or the contents of protected documents subject to this Protective Order shall not use such documents or other information for any other purpose. At the conclusion of this litigation, including any subsequent appeals, the parties' counsel will retrieve all copies of the documents that they have provided to staff or experts, and will destroy the copies or return them to the United States Attorney's Office for the Eastern District of Washington, in care of Special Attorney Timothy M. Durkin or his designee. If the documents that are retrieved by counsel are destroyed, counsel shall so notify Mr. Durkin or his designee in writing.

6. If the parties intend to file documents containing PII or privileged information in the Court file or use them as exhibits to depositions, they shall take steps to protect the privacy of the individuals identified in these records through redaction of PII. Defendants assert this is required by the by the United States District Court Eastern District of Washington, ECF Administrative Procedures, § VI(C), Privacy Concerns (May 6, 2015) and Fed. R. Civ. P. 5.2. Unless redacted, both parties shall protect the "Privileged and/or Confidential" marked information by filing such documents under seal.

7. All information that is asserted by either party as privileged under the law enforcement privilege, the attorney work-product doctrine and/or the attorney-client privilege, that is produced or presented in this action may only be used by the parties, members of their legal teams (i.e., lawyers, paralegals, investigators, support staff) and all persons retained by the parties (i.e., outside investigators, consultants, expert witnesses), and only for the purpose of litigating this litigation.

**ORDER GRANTING STIPULATED PROTECTIVE ORDER** ^ 3

Neither party shall disclose these materials or the content of these materials to any other persons or agencies without prior Court order. This Order shall continue in effect after the conclusion of the proceedings. Any modification or vacating of this Order shall only be made upon notice to and an opportunity to be heard from both parties.

8. Defendants and their officers, employees, or attorneys, shall not bear any responsibility or liability for any unauthorized disclosure of any documents obtained by Plaintiffs' and/or their counsel under this Protective Order, or of any information contained in such documents. Plaintiffs shall not bear any responsibility or liability for any unauthorized disclosure of any documents obtained by Defendants' counsel under this Protective Order, or of any information contained in such documents.

9. To the extent the United States' discovery disclosures involve a limited waiver of the agency investigative – law enforcement privilege, the attorney work-product doctrine and/or the attorney-client privilege, the limited-restricted waiver applies to material that may be relevant to the U.S. Attorney's Office – U.S. Department of Justice criminal investigation and/or any referred cases involving the issues alleged in this litigation.

10. All persons having access to confidential information made available pursuant to this Protective Order shall agree not to make any use of said confidential information except in connection with the above-captioned litigation and shall further agree not to deliver or transfer said confidential information to any person not previously authorized by the terms herein.

11. Counsel disclosing confidential information to any person or entity shall be responsible for limiting distribution of the confidential information to those person who both (1) have a need to know the information, and (2) are authorized to receive the information under this Protective Order. Counsel shall be prepared to account for the disposition and use of the information under this Protective Order.

**ORDER GRANTING STIPULATED PROTECTIVE ORDER** ^ 4

12. All copies of confidential information disclosed under this Protective Order shall be subject to the same restrictions as imposed on the original information.

13. All documents, materials, and information designated as confidential and disclosed to any person pursuant to this Protective Order shall remain in the possession only of the attorneys, experts, or consultants to whom they are disclosed as provided by the Protective Order. The parties or their attorneys may not retain any documents, materials, or information designated as confidential pursuant to this Protective Order after the conclusion of this litigation.

14. Documents, materials, and information designated as confidential pursuant to this Order may be disclosed in regular proceedings of this Court and/or by agreement of the attorneys until trial, at trial the Court shall determine whether the Order shall remain in force. Exhibits, unless redacted, shall be marked "CONFIDENTIAL" and shall be: (1) filed ECF under seal; (2) Designated as an Exhibit containing confidential material subject to the Court's Protective Order; and (3) a copy of the exhibit filed under seal shall be promptly served upon opposing counsel in accordance with Fed. R. Civ. P. 5 (email to ECF registered account complies with requirement).

15. The confidential documents, materials, or information set forth to facilitate discovery in this case may nonetheless be used at trial in accordance with the Court Rules, the Rules of Evidence, the Local Rules, and applicable federal statutes and regulations (i.e., Privacy Act). However, any party or interested third party may apply to this Court for additional protection regarding the protected use at trial of any discovery produced in this case. Such motions should be filed contemporaneous with the parties' respective motions *in limine*.

//

16. No further modification or amendment of this Protective Order is permitted except by a writing signed by counsel for the parties and approved by the

**ORDER GRANTING STIPULATED PROTECTIVE ORDER ^ 5**

Court. The parties hereto agree that it is unreasonable to rely on any oral modification or amendment of this Protective Order.

17. The failure to insist upon fill compliance with any of the terms of the Protective Order in any instance shall not be deemed to be waiver of the right to insist upon full compliance with those terms thereafter.

18. This Order does not constitute any ruling on the question of whether any particular document or category of information is properly discoverable and does not constitute any ruling on any potential objection to the discoverability, relevance, or admissibility of any record, other than objections based on the Privacy Act and/or the investigative-law enforcement privilege, attorney-client privilege, and/or attorney work-product doctrine.

19. By stipulated entry of this Protective Order, the parties and their respective counsel certify that prior to the disclosure of any confidential information to anyone associated with the preparation of their case (i.e., experts, consultants, etc.) that the proposed recipient of the information will be provided with a conformed copy of this Protective Order.

**IT IS SO ORDERED**. The District Court Clerk is hereby directed to enter this Order and to provide copies to counsel.

**DATED** this 20th day of July 2018.



Stanley A. Bastian
United States District Judge

**ORDER GRANTING STIPULATED PROTECTIVE ORDER ^ 6**